TubNEY, J.,
delivered the opinion of the Court.
The demurrer should have been sustained and the bill dismissed.
On the 4th day of April, 1859, complainants, with others, executed a note to the Clerk of the Circuit Court of Union county, for the sum of six hundred and seventy-six dollars, for the price of a negro slave, sold under a decree of that court, in a proceeding for the sale of slaves for distribution.
On the 2d of October, 1860, the Clerk, to whom the note was given, having gone out of office, his successor was ordered to report instanter as to the amount due on said note. He reported the entire amount of the note due and unpaid. The report was confirmed and judgment rendered for the entire amount of the note, with interest, making seven hundred and thirty-six dollars and eighty-four cents. The motion was made without notice to the complainants.
Complainants, as soon as they were informed of the facts, presented a writ of error to this Court, when the judgment of the Circuit Court was affirmed. Then they filed a bill in the Chancery Court of Union County, seeking to enjoin an execution from this Court, issued for the collection of the judgment above mentioned, alleging that they had no notice of the proceeding in the Circuit Court, at the time of the rendition of the judgment upon motion; that they presented a writ of *551 error as soon as a knowledge of the facts came to them, also that they, or some of them, had paid to J. B. Malone, one of the parties interested in the .price to be paid for the slave, on the' 30th day of August, 1860, eighty-seven dollars and eighty-eight cents, in part of said note, and took his receipt. On the 4th of July, 1859, they paid to Allen Hurst, then Clerk, two hundred and twenty dollars and forty-five cents, and took his receipt, and some time subsequent, paid to Hurst, sixty-six dollars, which Hurst entered as a credit upon the note. That at the time of the report, the Clerk did not have the note before him. It was then, and still is, out of the record, having been lost or carried out by Hurst. All these payments were made before the rendition of the judgment by the Circuit Court; and the bill prays to have them credited on the judgment of affirmance by this Court. The Chancellor granted the relief and ordered an account to ascertain the amount of the several payments. The cause is here by appeal. It is not pretended that these facts were before this Court by the writ of error prosecuted from the judgment- of the Circuit Court. It is shown by the allegations of the bill, that, at the time complainants brought the proceeding to this Court by writ of error, they knew of the concealment of the payments, and that they had not been allowed as credits upon the note and judgment. Then they could and should have availed themselves of these facts, in a Court. of competent and original j nrisdiction. At no time could the defenses have been available in this Court by appeal or writ of error from *552 the judgment of the Court below. To have made this so, the Court would have had to have gone outside the record, and to have exercised original jurisdiction.
Although the payments may have been fraudulently concealed at the rendering of the judgment by the Circuit Court, the fact that complainants did not, upon its discovery, avail themselves of it, is negligence in them, and a Court of Chancery cannot now relieve them. This holding is not in conflict with the case of Smith v. Vanbibber, 1 Swan, 110. In that case, judgment was rendered, on motion, by this Court, against a Sheriff, for failing to return an execution issued ‘from this Court. The judgment was for the entire amount of costs of the Circuit and Supreme Courts. The Sheriff had no notice of the motion, and there had been, before judgment, payments made to the parties entitled, to a considerable amount, for which payments the Sheriff was not credited in the judgment. The fraud in the concealment of payments from the Court was practiced in this Court. In the opinion in that case, Judge Totten says: “When the execution proceeds from the Supreme Court, it having no original jurisdiction, after the judgments on motion, to hear and determine the facts in question, the Sheriff should have relief in equity, by injunction to the extent of the payments actually made.”
In that case, the Sheriff could not have availed himself of the payments to which he was entitled as credits, being prevented by fraud, unmixed with fault or negligence, on his part. In this case, the judgment did not proceed from the Supreme Court, and the grounds of relief existing in Smith v. Vanbibber are not here.
*553 This is not, as insisted in argument, a case of a right without remedy unless the parties are relieved in this suit. They have still a right of action at law against the parties to whom they may have paid, on account of the note, money which was not applied.
The decree of the Chancellor is reversed, the demurrer allowed, and the bill dismissed.